UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

- against –   22 CR 00083 (OAW)

ZACHARY WILLIAMS,

Defendant.

---------------------------------------------------------------------- X

## DEFENDANT ZACHARY WILLIAMS' REPLY TO THE GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

Defendant Zachary Williams respectfully submits this brief reply to the government's sentencing memorandum. See ECF # 252.

Without explicitly saying so, the government's sentencing submission asks this Court to sentence Mr. Williams to life in prison and ignore his own tragic background. Of course, this Court is bound to consider the defendant's entire history, not solely the offenses for which he stands convicted. See Koon v. United States, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."). There is no dispute regarding the egregious nature of Mr. Williams' criminal conduct. But the government's brief – which dedicates the majority of its text to the defendant's criminal conduct – glosses over the

defendant's tragic background and fails to truly recognize its significance and relevance to this case.

To be clear, nothing in this submission is intended to trivialize or downplay what K endured at the hands of Mr. Williams. It is not our position that Mr. Williams' past excuses his wrongdoing. No one is attempting to sweep Mr. Williams' horrific behavior under the carpet. Yet, the government is doing just that regarding Mr. Williams' ▇▇▇▇▇▇▇▇▇▇ in asking for a life sentence.

The government goes to great lengths to document what it sees as Mr. Williams' "character for manipulation," "desire for control," and "dangerousness," id. at p. 4, but it consciously refuses to view his actions through the necessary lens of his own trauma and mental health struggles. Even when seemingly acknowledging Mr. Williams' tragic history, the government dismisses its significance and argues it "does not explain or mitigate his behavior in this offense [ ]." Id. at p. 28. In pushing for a life sentence, the government contends that this case presents "*only* aggravating factors," id. at p. 38 (emphasis added), and presses for this Court to completely ignore the mitigating circumstances. Any lingering doubt on this point is extinguished by the government's explicit statement: "More importantly, this Court is sentencing the man Williams has become not the little boy he once was." Id. at p. 14.

It is unfortunate that the government completely disregards the long-established link between childhood trauma and its complex, lasting emotional and psychological effects on adult behavior. Well, at least when it comes to the defendant. When speaking of the effects of Mr. Williams' conduct on K, the government notes: "Long-term studies show that sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional, and sexual development in ways which no just or humane society can tolerate." Id. at p. 24

(quotations and citation omitted). Apparently, in the government's view, these consequences have no bearing once you become a criminal defendant; notwithstanding that the government argues later in its brief that "victims carry the burden of their abuse into their adulthood." Id. at p. 30.[1]

The government's submission also recounts Mr. Williams' "antisocial behaviors," "reckless behavior," and "rage," but, again, ignores their source. See id. at pp. 27, 34. The government, by choosing to disregard Mr. Williams' horrific experiences, fails to acknowledge the likely cause of his bad behavior. Nor does the government's submission recognize or acknowledge Mr. Williams' need for serious professional help to address his issues. Instead, the government advocates for a life sentence, abandoning any possibility of rehabilitation. The government's request dismisses Mr. Williams as irredeemable, a stance the defense rejects.

The government's submission also downplays Mr. Williams' guilty plea, characterizing it as an admission of merely "the basic elements of" his conduct," which we submit undermines his acceptance of responsibility. Id. at p. 14. The government's position imposes a burden not required for the Court to recognize acceptance of responsibility. Every day, individuals in courts across America allocute to the basic elements of the offense and receive credit for accepting responsibility. The government seems to be advocating that unless Mr. Williams speaks certain

---

[1] [redacted]

magic words, he has not accepted responsibility. Such a position logically implies a preference for a trial, which would necessitate the victim and her family undergoing further emotional distress, simply to strengthen its argument against Mr. Williams' acceptance of responsibility.

Finally, the government's position of life in prison will *not* "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is unfounded. 18 U.S.C. Section 3553(a)(6). The government's argument is weakened by its reliance on a solitary, out-of-district case. While defense counsel has not been able to survey all relevant cases in this district, it has not found a similar case imposing a life sentence. See, e.g., United States v. Christopher Constanzo, 23-cr-206 (AWT) (imposing 300 months of imprisonment for sexual exploitation of three different minors); United States v. Hector Torres, 21-cr-16 (RNC) (imposing 300 months of imprisonment for sexual exploitation of three different minors); United States v. Edward Galpin, 21-cr-261 (JAM) (imposing 216 months of for offenses related to the sexual exploitation of multiple children).

Accordingly, as discussed herein and in Mr. Williams' initial sentencing submission, and for all of the reasons that will be argued at sentencing, we respectfully ask that the Court impose a sentence of 180 months. We also ask that the sentence imposed by this Court run concurrently to any previously imposed sentence.

Dated: November 21, 2025

                              Respectfully submitted,

                              /s/ Francis L. O'Reilly CT17505
                              Francis L. O'Reilly, Esq.
                              1735 Post Road, Suite 2C
                              Fairfield, CT 06824
                              Tel. 203-913-4608
                              Frankoreilly9@gmail.com

                              /s/ Diane Ferrone ct31506
                              Diane Ferrone, Esq.
                              1325 Avenue of the Americas, 28th Fl.
                              New York, NY 10019
                              (646) 337-9010
                              diane@dianeferronelaw.com

                              *Attorneys for defendant Zachary Williams*

## **CERTIFICATION**

     THIS IS TO CERTIFY that on November 21, 2025 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/Diane Ferrone ct31506